McBRIDE, Judge.
Plaintiff, who is doing business as Veith Plumbing Supply Company, on November 3, 1947, sold and delivered to defendant two' lavatories, two toilets, and two bathtubs for installation in defendant’s property, 4338-40 South Carrollton Avenue. The purchase price of these articles aggregated $354.32, which defendant paid by giving his check to plaintiff.
On November 18, 1947, plaintiff sold and' delivered to defendant certain “roughing in” materials, that is, the pipe fittings, etc.,, necessary to install the above-mentioned' fixtures. The price of the roughing-in material was $316, for which defendant gave-to plaintiff his check which was never cashed by plaintiff because defendant “stopped payment” thereon. By means of this suit plaintiff seeks to recover the-amount of the check from defendant.
Defendant in his answer denies any indebtedness to plaintiff, and then assuming the character of plaintiff in reconventiora *736 claims that plaintiff owes him $462.10. It is alleged that the two bathtubs were returned to and accepted by plaintiff and that the two lavatories were defective and were tendered to plaintiff who refused to accept them. Defendant seeks recovery of the price of the two bathtubs and the two lavatories, plus drayage charges.
After hearing the evidence and making a visual inspection of the lavatories, the trial judge gave judgment to plaintiff for $316 as prayed for and allowed defendant to recover $278.60 on his reconventional demand. Plaintiff has appealed and the only question which the appeal presents is the correctness of the judgment in defendant’s favor as reconvenor.
The plaintiff complains that the trial judge erred in overruling his objection to the admission of evidence on the reconven-tional demand, the ground of the objection being that the demand in reconvention is not connected with or incidental to the main demand. On the surface it would appear that there had been two disconnected sales transactions between the parties, but the evidence shows conclusively that the transactions were related and grew out of an initial verbal agreement respecting plaintiff’s furnishing defendant with the necessary plumbing equipment, pipes, etc., to outfit the bathrooms in defendant’s premises. The record shows that about the time defendant desired to remodel the bathrooms, plumbing supplies were scarce and difficult to secure and the custom was that unless one purchased his plumbing fixtures from the supply house, the supply house would not sell him any roughing-in material. Plaintiff conceded that in consideration of defendant’s agreement to purchase the bathroom fixtures, he in turn agreed to sell defendant the necessary pipe, fittings, etc., whenever he required them. This accounts for the two sales transactions mentioned above and we believe that in the light of the circumstances surrounding these transactions the demand in reconvention, though ■different from the main action, is necessarily connected therewith and incidental to the same and meets the requirements of C.P. art. 375.
There is no dispute regarding defendant’s being entitled to recover for the two bathtubs. It appears that these articles differed from the floor sample which had been shown him and defendant was dissatisfied and subsequently returned the bathtubs to plaintiff, who, accepted them without objection. Defendant is entitled to $210 for the tubs, $6.30 for sales tax, and also $10.30 for drayage, as the plaintiff refused to send to defendant’s premises for the tubs. However, these credits must be reduced by the sum of $2 which represents two flanges which defendant failed to return.
As to the two lavatories, defendant claims they were defective and that he made complaint of the defects to plaintiff. After tendering the return of the lavatories and plaintiff’s refusal to accept them, defendant placed them in a warehouse for plaintiff’s account. The trial judge after hearing the evidence and after a visual inspection thereof concluded that one of the lavatories had a defect on the inside of the edge consisting of a roughness which was not smoothed out probably at the time of manufacture, and that the other had a blue mark imbedded in the enamel, apparently a defect in manufacture, on that part of the bowl about where the faucets would be located. The lavatories were offered in evidence by plaintiff below and produced before us, and after an examination of them our views coincide with those of the trial judge that there are defects in the two fixtures. Plaintiff contends that these are minor and that because of the then prevailing scarcity of plumbing fixtures, the defendant should have considered himself fortunate indeed in being able to secure them. This reasoning is unsound. While it is true the defects are small in size, they are of major proportions so far as the appearance of the fixtures is concerned. Had these defective fixtures been installed, they would have tended to mar the appearance of defendant’s bathrooms and we do not think that defendant, who thought he was buying perfect fixtures, *737 should be compelled to accept and install the imperfect ones.
LSA-C.C. art. 2520 provides:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
We believe that the words “vice or defect” as used in the codal article should be given a reasonable interpretation and extended to include such defects as existed in the two lavatories which plaintiff delivered to defendant. The defects, without doubt, can be said to have rendered the use of the articles so inconvenient and imperfect that it must be supposed that defendant would not have purchased them had he been aware of the defects.
Plaintiff alternatively contends that as the defects were apparent and such as might be discovered by defendant on simple inspection, they are not numbered among the redhibitory vices. We do not think that this is true. The lavatories were in crates when purchased and defendant did not have the opportunity of viewing them until they were removed from their crates when ready to be installed by defendant’s contractor. Defendant first saw the lavatories when they were suspended on racks on the wall preparatory to installation and noticing the defects he immediately halted the work and made complaint to plaintiff. The fixtures were never installed, the record making it clear that when defendant observed their defective condition, he had his contractor remove the fixtures and recrate them. They had never been connected with the pipes and were tendered to plaintiff in the same condition as when plaintiff delivered them. The trial judge allowed defendant $50 for the two lavatories, plus. sales taxes and drayage, a total of $54, and the judgment recognized plaintiff to be the owner of the two lavatories. This was correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.